UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| KRIS LAMONT PARKER, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 15-CV-0018-CVE-TLW |
| ALL-TULSA, OK, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court are plaintiff's complaint (Dkt. # 1) and motion for leave to proceed in forma pauperis (Dkt. # 2). Plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

On January 12, 2015, plaintiff filed a pro se complaint using a form provided by the Court Clerk. The complaint identifies the defendant as "Tulsa, OK" and alleges that "under Mr. Obama FeDeral rules no sex Defender can not have nothing." Dkt. # 1, at 1-2 (all errors in original). Jurisdiction is asserted pursuant to "Tulsa, OK." Id. at 1. Plaintiff, a citizen of Oklahoma and resident of Tulsa, receives a limited monthly income through Social Security. Dkt. # 2, at 1.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. P'ship--1985A v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the

jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

The complaint alleges that all parties are citizens of Oklahoma, leaving no basis for the Court to exercise diversity jurisdiction over this case. See 28 U.S.C. § 1332. The Court will consider whether plaintiff's complaint could be construed to allege a claim arising under federal law. Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint. See Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987))). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." Martinez v. U.S. Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986)).

The Court has determined, sua sponte, that dismissal of plaintiff's claims against defendant is warranted for lack of subject matter jurisdiction. Construing the complaint liberally, plaintiff's

claim relates to federal regulations regarding sex offenders. However, plaintiff does not identify a relevant statute or constitutional provision that defendant has violated, and plaintiff fails to provide any facts that could be construed to show that the case arises under federal law. The Court has considered plaintiff's pro se status and has liberally construed the allegations of the complaint, but the Court finds no basis to exercise federal question jurisdiction over this case.

**IT IS THEREFORE ORDERED** that the complaint (Dkt. # 1) is hereby **dismissed without prejudice**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **moot**.

**DATED** this 13th day of January, 2015.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE